DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHANE SCOTT HART,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2483

[December 16, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 50-2015CF003815AMB.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction and sentence following his retrial on charges of aggravated battery with a deadly weapon causing great bodily harm, permanent disability, or permanent disfigurement. He argues he is entitled to a new Stand Your Ground ("SYG") hearing because his renewed motion to dismiss was pending after the effective date of section 776.032(4), Florida Statutes (2017). We disagree and affirm. We certify conflict with *Nelson v. State*, 295 So. 3d 307 (Fla. 2d DCA 2020).

The charges arose from a physical altercation between the defendant and his neighbor. The State charged the defendant with aggravated battery with a deadly weapon causing great bodily harm, permanent disability, or permanent disfigurement. During the altercation, the defendant stabbed the neighbor with a serrated knife, leaving the neighbor with life-threatening injuries to the face, neck, and back of the head.

Before the first trial, the defendant moved to dismiss based on Florida's SYG law. The trial court denied the motion after an evidentiary hearing.

The trial court heard testimony from the defendant, the victim, law enforcement personnel, and the defendant's girlfriend. At the hearing, the trial court stated: "The credible evidence does not support the use of self-defense either subjectively or objectively. The nature of the wounds and [the victim's] testimony, I find it to be credible on th[ose] grounds."

The jury convicted the defendant of the lesser included offense of felony battery. We reversed the conviction and remanded the case for a new trial because the trial court had not instructed the jury on the justifiable use of non-deadly force. *See Hart v. State*, 247 So. 3d 556 (Fla. 4th DCA 2018).

Upon remand, the defendant filed an amended motion to dismiss based on the amended SYG statute that now required the State to prove by clear and convincing evidence that the defendant was not entitled to immunity. The trial court refused to reconsider its ruling and denied the amended motion. While the trial court acknowledged the retroactivity issue of the amended SYG statute was currently under review by the Florida Supreme Court, it did not hold a new SYG hearing because of our decision in *Hight v. State*, 253 So. 3d 1137 (Fla. 4th DCA 2018), *abrogated by Sparks v. State*, 299 So. 3d 1 (Fla. 4th DCA 2020). There, we held the amended statute was inapplicable to offenses committed before the statute's effective date. *Id.* at 1143.

On retrial, the jury found the defendant guilty of felony battery as charged. It also found the defendant used a weapon during the commission of the crime. The trial court imposed the statutory maximum 15-year prison sentence based on the "nature of the crime and the injuries inflicted." From this conviction and sentence, the defendant appealed.

Our supreme court has now held the 2017 amendment to the SYG law applies to immunity hearings held on or after the statute's effective date. *Love v. State*, 286 So. 3d 177, 190 (Fla. 2019).

On appeal, the defendant argues he is entitled to a new SYG hearing because his renewed motion to dismiss was pending after the amended statute's effective date. The State agrees it should have borne the burden of proof when the trial court ruled on the defendant's amended motion to dismiss. It argues, however, that reversal is unnecessary because the defendant's self-defense claim fails under either burden of proof. *See Maddox v. State*, 288 So. 3d 1223, 1224 (Fla. 5th DCA 2019) (holding the defendant was not entitled to new SYG hearing "because his claim failed under either burden of proof."). The State points to the trial court's factual findings at the defendant's first SYG hearing. The defendant's actions in hiding the weapon and lying to the police were inconsistent with a self-

2

defense claim.

"Under the appellate court's standard of review, the trial court's factual findings are 'presumed correct and can be reversed only if they are not supported by competent substantial evidence, while the trial court's legal conclusions are reviewed de novo.'" *Craven v. State*, 285 So. 3d 992, 993 (Fla. 1st DCA 2019) (quoting *Mobley v. State*, 132 So. 3d 1160, 1162 (Fla. 3d DCA 2014)).

Florida's SYG law essentially provides that a person is justified in using deadly force and does not have a duty to retreat if that person believes such force is necessary to prevent death or great bodily harm. § 776.032(1), Fla. Stat. (2017). The legislature amended the law, effective June 9, 2017, to require the State to carry the burden of disproving a prima facie claim of self-defense immunity in a pre-trial hearing by clear and convincing evidence. § 776.032(4), Fla. Stat.

Our supreme court later held "[s]ection 776.032(4) is a procedural change in the law and applies to all [SYG] immunity hearings conducted on or after the statute's effective date." *Love*, 286 So. 3d at 190. After *Love*, the Second District held a defendant was entitled to a new SYG hearing even though a jury had convicted him because the trial court employed the pre-2017 burden of proof in the SYG hearing. *Nelson*, 295 So. 3d at 307.

After *Nelson*, the First District held a defendant was **not** entitled to a new SYG hearing under such circumstances because the jury found the defendant guilty beyond a reasonable doubt. *Boston v. State*, 296 So. 3d 580, 582 (Fla. 1st DCA 2020), *rev. granted*, SC20-1164, 2020 WL 5946341, at *1 (Fla. Oct. 7, 2020). In reaching its decision, the First District certified conflict with *Nelson*. *Id.* at 584.

We agreed with the First District in *Little v. State*, 302 So. 3d 396, 407 (Fla. 4th DCA 2020). There, we adopted the First District's rationale that "[t]he State's trial burden of overcoming the defendant's self-defense claim by proof beyond reasonable doubt is heavier than its pretrial burden of overcoming the defendant's self-defense immunity claim by clear and convincing evidence." *Id.* (quoting *Boston*, 296 So. 3d at 582) (alteration in original). We also certified conflict with *Nelson*. *Id.*

The defendant in *Boston* has requested discretionary review by our supreme court to resolve the conflict. *Boston*, 2020 WL 5946341, at *1. The supreme court has accepted jurisdiction. *Id.*

3

Here, in the second trial, the State proved the defendant's guilt beyond a reasonable doubt. In so doing, the State overcame a burden greater than clear and convincing evidence, and the defendant's self-defense claim was defeated.

In *Elder v. State*, 296 So. 3d 440 (Fla. 4th DCA 2020), we held that although the trial court erroneously placed the burden on the defendant, "[it] further ruled that even if the most recent version of section 776.032(4) were 'retroactively applied to put the burden on the State,' the State still met its burden." *Id.* at 446. We explained that remand for a new SYG hearing is unnecessary "where a trial court's initial [SYG] ruling encompassed both standards of proof." *Id.* at 447.

Here, the trial court found in the first SYG hearing that "[t]he credible evidence does not support the use of self-defense either subjectively or objectively. . . . The nature of the wounds and [the victim's] testimony, I find it to be credible on th[ose] grounds." The trial court's findings in the first SYG hearing demonstrate the defendant's self-defense claim fails under either burden of proof.

The defendant's testimony was inconsistent with the victim's wounds. The defendant testified he swung the knife at the victim while the victim faced him and held him by the neck. He could not explain how the victim sustained knife wounds to the back of his head. Nor could he explain how he struck the victim's face by swinging the knife in an upward motion from his waist, especially with the defendant's limited mobility. The defendant did not call 911, hid the knife under the sink, and lied to the police in his statement. In short, the record shows the defendant had a complete evidentiary hearing on his immunity claim. And, "no useful purpose would be served in requiring a new [SYG] hearing because [the defendant's] claim failed under either burden of proof." *Maddox*, 288 So. 3d at 1224.

Because the State overcame the defendant's self-defense claim by establishing the defendant's guilt beyond a reasonable doubt and the evidence from the first SYG hearing would also satisfy the new heightened burden of proof, we affirm.

We certify conflict with *Nelson v. State*, 295 So. 3d 307 (Fla. 2d DCA 2020).

*Affirmed.*

FORST and KUNTZ, JJ., concur.

*  *  *

*Not final until disposition of timely filed motion for rehearing.*